B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Burt Lee Burnett | DEFENDANTS<br><br>U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust, et al |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Kevin W. Willhelm<br>PO Box 3536, Abilene, TX 79604<br>325-692-0900 | ATTORNEYS (If Known)<br>Richard E. Anderson<br>Anderson Vela, LLP<br>4920 Westport Drive, The Colony, TX 75056<br>214-276-1545 |
| PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) |
|---|
| State Court Action to enjoin foreclosure and alleged violations of 15 U.S.C. Section 1692, 12 U.S.C Sections 2601-2617, along with bankruptcy related claims and matters under Title 11, 28 USCA Section 157, 28 U.S.C. Sections 1331, 1334 &1452(a) |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ **2** 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ **1** 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ damages over $200,000. and injunctive relief |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR   Burt Lee Burnett | BANKRUPTCY CASE NO.   17-42678 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Ft. Worth | NAME OF JUDGE<br>Mark X. Mullin |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>3/12/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

        The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

        A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

        The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 17-42678** |
| **BURT LEE BURNETT** | § | |
| | § | |
| Debtor, | § | **Chapter 7** |

_____

| | | |
|---|---|---|
| **BURT LEE BURNETT** - | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO._____ |
| | § | |
| **U.S. BANK TRUST NATIONAL** | § | |
| **ASSOCIATION, AS TRUSTEE OF CABANA,** | § | **(Removed from the 350th Judicial District Court,** |
| **SERIES III TRUST AND AS TRUSTEE** | § | **Taylor County, Texas, Cause No. 12016-D)** |
| **OF CHALET SERIES III TRUST; CABANA;** | § | |
| **SERIES III TRUST; CHALET SERIES III,** | § | |
| **FINANCIAL SERVICES; MTGLQ;** | § | |
| **INVESTORS, L.P.; AND FIRST HOUSTON** | § | |
| **MORTGAGE, LTD.** | § | |
| Defendants, | § | |

## NOTICE OF REMOVAL

Defendants U.S. BANK AND TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF

CABANA SERIES III TRUST (CABANA SERIES III TRUST); U.S. BANK AND TRUST

NATIONAL ASSOCIATION, AS TRUSTEE OF CHALET SERIES III TRUST (CHALET

SERIES III TRUST); SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, INC

("Defendants") respectfully notify the Court pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1441 &

1452(a), In Re: Order of Reference of Bankruptcy Cases, Misc. Order No. 33 (N.D. Tex. August

3, 1984) and Rule 9027 of the Federal Rules of Bankruptcy Procedure that each has this day

removed this action from the 350th Judicial District of Taylor County, Texas to this Court.  In

support of such removal, Defendants state as follows:

## THE STATE COURT ACTION AND FACTS SUPPORTING REMOVAL

1.    On December 2, 2019, Plaintiff sued Defendants in Cause No. 12016-D in the 350th judicial District Court of Taylor County, Texas (the "State Court Action")[1] related to claims involving real property included in the bankruptcy estate and the transfer thereof and related to the validity of enforcement of the underlying mortgage[2].  Furthermore, Plaintiff makes claims of fraud, fraudulent conveyances, and misrepresentation based on the alleged actions or inactions of various defendants related to the real property included in the bankruptcy estate, which constitute claims or causes of action owned by bankruptcy estate or subject to bankruptcy court administration of the bankruptcy estate[3].  Plaintiff makes claims against Defendants, one of which is the holder of the mortgage lien, based upon allegations of violations of the Federal Fair Debt Collections Practices Act 15 U.S.C. Section 1692 and provisions of the underlying mortgage relating to the Real Estate Settlement Procedures Act, 12 U.S.C. Sections 2601-2617, along with bankruptcy related claims or matters under Title 11 (Bankruptcy).  These related bankruptcy claims arise under Section 157, including but not limited to Section 157(b)(1) & (b)(2) (A) ("matters concerning the administration of the estate"); (C) (" counter claims by the estate against persons filing claims against the estate"); (G) (" motions to terminate, annual, or modify the automatic stay"); (H) ("proceedings to determine, avoid, or recover fraudulent conveyances"); (K)("determinations of the validity, extend, or priority of liens") & (O)("other proceedings affecting the liquidation of the assets of the estate or the adjustment of debtor-creditor or the equity security holder relationship…") and such claims are removable under 28

---

[1] Plaintiff's Verified Original Petition, Request for a Temporary Restraining Order, Application for a Temporary Injunction and Application for a Permanent Injunction filed on 12/2/2019
[2] It is requested that the Court take judicial note of the Bankruptcy Docket for 17-42678, including the claims register.

[3] Plaintiff in the State Court Action also alleges that various defendants failed to notify the bankruptcy trustee of the notice and transfer of the underlying note and mortgage, including failing to file a Proof of Claim in the Bankruptcy proceeding.

U.S.C. Sections 1334 &, 1452(a).

2.     This case is a civil action based on a federal question.  A civil action is based on a federal question when it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In addition, this case is also removable under 28 U.S. C. §§ 1334 & 1452(a) since the State Court Action is a civil proceeding arising under Title 11, or arising in or related to cases under Title 11.

## PROCEDURAL REQUIREMENTS

3.     In compliance with Rule 9027 of the Federal Rules of Bankruptcy Procedure and N.D. Bankruptcy Local Rule 9027-1(a), this case is removed to this Court. *See* 28 U.S.C.A. §§ 157(b)(2)(A)(C),(G)(H)(K) & (O*) (Core Proceedings).  See* In Re: Order of Reference of Bankruptcy Cases, Misc. Order No. 33 (N.D. Tex. August 3, 1984).  The Defendants, the parties removing the State Court Action, consent to the entry of final orders or judgment by the bankruptcy judge.

4.     Plaintiff's State Court Action was filed on December 2, 2019 and Defendants became aware of the State Court Action for the first time on December 3, 2019.  This notice of removal is filed within 30 days of Defendants' notice of the filing of the State Court Action and is timely filed under Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure since the State Court Action was commenced after the filing of the above subject bankruptcy.

5.     A copy of this Notice of Removal has been served on all parties to the removed action as required by Rule 9027(b) of the Federal Rule of Bankruptcy Procedure.

6.     Pursuant to Rule 9027(b) of the Federal Rule of Bankruptcy Procedure and N.D. Bankruptcy Local Rule 9027-1(c), this Notice of Removal is accompanied by copies of the following materials:

Exhibit "1"             Docket Sheet for the State Court Action as of December 11, 2019;

Exhibit "2"             All process and pleadings filed in the State Court Action, including the Original Petition, Letter Request, Citation, Temporary Restraining Order, Citation TRO, Cash Deposit in Lieu of Bond. Objection to Visiting Judge and Answer by Defendants;

7.      In Compliance with Fed. R. Bank. P. 9027(a)(l), promptly after filing this notice of removal, the Defendants will file a copy of this Notice with the clerk of the state court from which the claim or cause of action is removed.

WHEREFORE, Defendants remove this action from the 350th Judicial District of Taylor County, Texas, to this Court, so that this Federal Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

ANDERSON  VELA, L.L.P.
4920 Westport Drive
The Colony, Texas 75056
214.276.1545 – Telephone
214. 276.1546 – Facsimile
RVela@AndersonVela.com – E-mail

ATTORNEYS FOR DEFENDANTS
U.S. BANK AND TRUST NATIONAL ASSOCIATION, AS TRUSTEE
OF CABANA SERIES III TRUST (CABANA SERIES III TRUST);
U.S. BANK AND TRUST NATIONAL ASSOCIATION, AS TRUSTEE
OF CHALET SERIES III TRUST (CHALET SERIES II TRUST);
SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, INC

By: */s/ Richard E. Andersona*          .
    RICHARD E. ANDERSON
    Texas State Bar No. 01209010
    randerson@abvlaw.com  – e-mail
    RAY L. VELA
    State Bar No. 00795075
    RVela@AndersonVela.com – E-mail

## CERTIFICATE OF SERVICE

     I certify that on this the 11th day of December 2019, a true copy of the above document has been delivered to the following pursuant to the Federal Rules of Civil Procedure for each party listed below.

| | |
|---|---|
| FREDERICK DUNBAR, ESQ. 7242 BUFFALO GAP ROAD ABILENE, TEXAS 79606 **ATTORNEY FOR PLAINTIFF BURT LEE BURNETT** | CERTIFIED MAIL RRR & VIA E-MAIL: Jrickdunbar2013@gmail.com |

Marcus D. Lewis
Vice President, Loan Management
Securities Division
Goldman Sachs
For **MTGLQ INVESTORS L.P.;**
2001 Ross Ave., Suite 2800
Dallas, Texas 75201

CERTIFIED MAIL RRR

First Houston Mortgage LTD
1716 Briarcrest Drive
Bryan, TX 77802

CERTIFIED MAIL RRR

TRUSTEE
John Dee Spicer
900 Jackson Street, Suite 560 Founders
Square
Dallas, TX 75202
BY ELECTRONIC SERVICE TO
Anne Elizabeth Burns
Cavazos Hendricks Poirot, P.C. Suite
570, Founders Square
900 Jackson St.
Dallas, TX 75202-4425
Email: aburns@chfirm.com

CERTIFIED MAIL RRR TO ATTORNEY FOR
TRUSTEE

        By:   */s/ Richard E. Anderson*      .
             Richard E. Anderson

# EXHIBIT 1
# STATE COURT ACTION DOCKET AS OF
# DECEMBER 11, 2019

---

# REGISTER OF ACTIONS
## CASE NO. 12016-D

| | |
|---|---|
| Burt Lee Burnett VS. U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust: Cabana SeriesIII Trust, Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services' MTGLQ Investors, L.P.; and First Houston Mortgage, LTD § § § § § | Case Type: **Other Real Property**<br>Date Filed: **12/02/2019**<br>Location: **350th District Court** |

### PARTY INFORMATION

**Lead Attorneys**

**Defendant** **U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust; Cabana Series III Trust; Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services, MT**

**Plaintiff** **Burnett, Burt**

Frederick Dunbar
*Retained*
325-455-1889(W)

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 12/02/2019 | Original Petition |
| 12/02/2019 | Request |
| 12/03/2019 | Citation |
| | *U.S. Bank Trust National Association* |
| 12/03/2019 | Citation |
| | U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and — Unserved |
| 12/03/2019 | Temporary Restraining Order |
| 12/03/2019 | Citation TRO |
| 12/03/2019 | Citation And Temp. Restraining Order |
| | U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and — Unserved |
| 12/03/2019 | Cash Deposit in Lieu of Bond |
| 12/10/2019 | Objection |
| | *Burt Lee Burnett's Objection to Assigned Visiting Judge Mike Freeman Pursuant to Tex.Govt.Code Sec. 74.053* |
| 12/11/2019 | Request |
| | *Request for Copies* |
| 12/11/2019 | Request |
| | *Request for Copy of Cash Deposit in Lieu of Bond filed 12/3/19* |
| 12/11/2019 | Defendant Original Answer |

### FINANCIAL INFORMATION

**Defendant** U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust; Cabana Series III Trust; Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services, MT
Total Financial Assessment 7.00
Total Payments and Credits 7.00
**Balance Due as of 12/11/2019** **0.00**

| 12/11/2019 | Transaction Assessment | | 6.00 |
|---|---|---|---|
| 12/11/2019 | E-File Payment | Receipt # DC-272246 | U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust; Cabana Series III Trust; Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services, MT | (6.00) |
| 12/11/2019 | Transaction Assessment | | 1.00 |
| 12/11/2019 | E-File Payment | Receipt # DC-272327 | U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust; Cabana Series III Trust; Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services, MT | (1.00) |

**Plaintiff** Burnett, Burt
Total Financial Assessment 322.00
Total Payments and Credits 322.00
**Balance Due as of 12/11/2019** **0.00**

| 12/03/2019 | Transaction Assessment | | 310.00 |

| 12/03/2019 | E-File Payment | Receipt # DC-271684 | Burnett, Burt | (310.00) |
| 12/03/2019 | Transaction Assessment | | | 12.00 |
| 12/03/2019 | Payment | Receipt # DC-271692 | Burnett, Burt | (12.00) |

# EXHIBIT 2
# PLEADINGS AND ORDERS FROM STATE
# COURT ACTION AS OF DECEMBER 11, 2019

Filed 12/2/2019 8:54 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Nicole Dement

CAUSE NO. __12016-D__

| | | |
|---|---|---|
| BURT LEE BURNETT | § | Taylor County - 350th District Court |
| | § | _____ DISTRICT COURT |
| VS. | § | |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE OF | § | |
| CABANA SERIES III TRUST AND | § | |
| AS TRUSTEE OF CHALET SERIES | § | IN AND FOR |
| III TRUST; CABANA SERIES III | § | |
| TRUST; CHALET SERIES III TRUST; | § | |
| SERVIS ONE, INC. D/B/A | § | |
| BSI FINANCIAL SERVICES; MTGLQ | § | |
| INVESTORS, L.P.; AND FIRST | § | |
| HOUSTON MORTGAGE, LTD | § | |
| | § | TAYLOR COUNTY, TEXAS |

**PLAINTIFF'S VERIFIED ORIGINAL PETITION, REQUEST FOR A
TEMPORARY RESTRAINING ORDER, APPLICATION FOR A TEMPORARY
INJUNCTION AND APPLICATION FOR A PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES BURT LEE BURNETT, Plaintiff herein, and files this Plaintiffs' Verified

Original Petition, Request for a Temporary Restraining Order, Application for a Temporary

Injunction and Application for a Permanent Injunction against Defendants U.S. BANK TRUST

NATIONAL ASSOCIATION, AS TRUSTEE OF CABANA SERIES III TRUST AND AS

TRUSTEE OF CHALET SERIES III TRUST; CABANA SERIES III TRUST; CHALET

SERIES III TRUST; SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, MTGLQ

INVESTORS, L.P.; AND FIRST HOUSTON MORTGAGE, LTD and in support thereof, show

the Court the following:

SERVICE:

Unofficial Copy

Service of citation is necessary at this time upon U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CABANA SERIES III TRUST which may be effected with citation directed to its substitute trustees Terry Browder, Laura Broweder, Marsha Monroe, Richard E. Anderson, Ray Villa, or Cesar DeLaGarza, at 4920 Westport Drive, The Colony, Texas 75056, or wherever service may be accomplished.

### JURISDICTION AND VENUE:

This lawsuit arises from the conduct of the Defendants in connection with a real estate transaction between Plaintiff and Defendant First Houston Mortgage, Ltd which occurred on May 15, 2006. The real property which is the subject of this suit is located in Taylor County therefore venue is proper pursuant to Texas Civil Practice & Remedies Code Section 15.001.

Furthermore, this is a court of proper jurisdiction because no federal question exists and complete diversity between the parties fails to exist in this matter. The amount of monetary damages sought by Plaintiff in this suit is between $200,000 and $1 million. Therefore, this Court is a court of proper jurisdiction.

### FACTS:

1. On May 15, 2006, for the purpose of buying a home, Plaintiff executed a Deed of Trust and Note (hereinafter "original DOT and Note") wherein FIRST HOUSTON MORTGAGE, LTD. (hereinafter "FHM" as the "Lender" loaned the sum of $400,000 to Burt Burnett (hereinafter "PLAINTIFF") as the "Borrower". The purpose of the loan was for Plaintiff's purchase of the real property that is located at 24 Winged Foot Circle West

in Abilene, Texas. The property is more specifically described as: LOT 7, BLOCK H,

THE FAIRWAYS ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY,

TEXAS, AS SHOWN BY PLAT RECORDED IN PLAT CABINET 2, SLIDE 294-C,

PLAT RECORDS, TAYLOR COUNTY, TEXAS, SAVE AND EXCEPT 239.63

SQUARE FEET OUT OF THE WEST PART, AS RECORDED IN VOLUME 1927,

PAGE 922, OFFICIAL PUBLIC RECORDS, TAYLOR COUNTY, TEXAS.

2. The house and real property upon which it sits have been Plaintiffs' homestead

continuously since this transaction. In addition to the Original DOT and Note, FHMC.

and Plaintiff entered into an agreement for a $50,000 second loan that was secured by a

separate Deed of Trust and Note between the parties. Apparently, also on May 15, 2006,

FHM assigned its rights under the two Original Deeds of Trust and Notes to

CITIMORTGAGE INC. (herein "CITI"). Thereafter, Plaintiff made payments by both

check and auto drafts to CITI for several years. During that time, Plaintiff consistently

made bi-weekly payments and lump sum payments on the notes to CITI. Plaintiff's

payments were not credited to Plaintiff's outstanding loan amounts or were misapplied by

FHM and/or CITI which constituted a substantial and material breach of the "Application

of Payments or Proceeds" provisions of the Original Deeds of Trust and Notes.

Additionally, Plaintiff was not provided the written notice as required of FHM and any

subsequent assignees pursuant to the "Sale of Note: Change of Loan Servicer" provisions

of the Original Deeds of Trust and Notes.

Unofficial Copy

3. Thereafter on dates unknown to Plaintiff due to the subsequent assignees failure to provide the required "Sale of Note: Change of Loan Servicer" written notices of assignments or purchases of the Plaintiffs' indebtedness, GREEN TREE and then DITECH FINANCIAL LLC. (hereinafter "DITECH") began sending Plaintiff monthly statements requesting payments on the original indebtedness. Based upon such billing, Plaintiff paid these entities based upon the assumption that they had previously purchased the indebtedness owed under the original Deeds of Trust and Notes. Plaintiff consistently made bi-weekly payments and lump sum payments to GREEN TREE and then DITECH. Despite their representations to Plaintiff to the contrary, neither GREEN TREE nor DITECH possessed any valid legal interest in Plaintiff's property or any legal right to and payments associated with the indebtedness under the original Deeds of Trust or Notes. GREEN TREE and DITECH intentionally misrepresented their legal standing to collect a debt as well as the intentionally misrepresenting the outstanding amounts owed by Plaintiff. GREEN TREE and DITECH intentionally failed or refused to credit payments made by Plaintiff to the outstanding loan amounts under the express terms of the "Application of Payments of Proceeds" provisions of the Original Deeds of Trust and Notes resulting in economic and other damages to Plaintiff. These entities acting through their duly authorized representatives misrepresented their authority to collect a debt which Plaintiff did not owe to them for their own economic gain to the economic detriment to Plaintiff. Such conduct constitutes fraud and violations of the federal Fair Debt Collection Practices Act, the Texas Debt Collections Act and the Texas Deceptive Trade Practices Act. Plaintiff herein sues for actual, additional, statutory and exemplary damages for such conduct from these Defendants. Further, Plaintiff has incurred reasonable, customary and necessary

attorney's fees and court costs in the past and will continue to do so in the foreseeable future for which he sues.

4. On or about June 30, 2017, Plaintiff filed a Chapter 11 Bankruptcy Petition and listed DITECH as a secured creditor based upon the information that he possessed at the time. As stated above, DITECH failed to possess any lawful security interest in Plaintiff's property. So in an attempt to cover up their deceit and continue to defraud and injure Plaintiff, less that one month later on July 21, 2017, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST HOUSTON MORTGAGE, LTD. assigned and conveyed the Original DOT to DITECH. The attempted assignment is void or voidable as a fraudulent conveyance. In furtherance of their unlawful and fraudulent activity neither FHM nor DITECH provided notice to Plaintiff, the Bankruptcy Court or Bankruptcy trustee in violation of the express provisions of the deeds of trust, notes and U.S. Bankruptcy laws. Apparently, Plaintiff had been making payments to entities that lacked a valid security interest or Plaintiffs' indebtedness under the terms of the original Deeds of Trust and Notes for years based upon the fraud and misrepresentations of the corporate and partnerships named above. Accordingly, Plaintiff seeks monetary damages for his economic and other injuries along with attorney's fees and court costs in this suit.

5. On September 7, 2018, without notice to Plaintiff, the Bankruptcy Trustee or the Bankruptcy Court, DITECH FINANCIAL LLC. BY MISSION GLOBAL, LLC ITS

Unofficial Copy

ATTORNEY-IN-FACT executed an Assignment of Deed of Trust to MTGLQ

INVESTORS, LP. (herein "MTGLQ) wherein DITECH assigned and conveyed all of

DITECH'S interest under the Original Deed of Trust to MTGLQ. Again, Plaintiff

received no written notice of the sale or transfer of debt or legal interest in his homestead

in breach of the express terms of the Original DOT's and Notes. Further, no required

notice was provided to the Plaintiff, the Bankruptcy Trustee, or the Bankruptcy Court at

any time of the transfer of any interest in Plaintiff's homestead which was an asset of the

Plaintiff's bankruptcy estate. Such conduct was performed intentionally by these

Defendants with actual knowledge of the injury that would result to Plaintiff from such

conduct.

6. On January 7, 2019 and again without notice to Plaintiff, the Bankruptcy Trustee or the

Bankruptcy Court, MTGLQ INVESTORS, L.P. (herein "MTGLQ") executed an

Assignment of Deed of Trust whereby they granted, assigned and transferred to U.S.

BANK TRUST NATIONAL ASSOCIATION (hereinafter "USBTNA") AS TRUSTEE

OF THE CHALET SERIES III TRUST (herein "CHALET") all of MTGLQ's interest,

liens and rights.

7. On March 1, 2019, CHALET filed a Motion for Relief from Automatic Stay as to 24

Winged Foot West, Abilene, Texas 79606 and Waiver of Thirty Day Hearing

Requirement. Within the averments in the pleading, Chalet fraudulently represented to the

U.S. Bankruptcy Court the following: "On or about June 30, 2017, Debtor filed a petition

under Chapter 11 of the U.S. Bankruptcy Code. The Bankruptcy case was converted to a

Chapter 7 case on September 7, 2017.  At the time of filing the Chapter 11 petition and

subsequent conversion to Chapter 7, Debtor was indebted to Movant pursuant to a Real

Estate Lien Note (the "Note") executed on May 15, 2006."

CHALET intentionally misrepresented the date its alleged ownership interest in the

subject property arose in an attempt to avoid the remedies available to Plaintiff as the

debtor which included the remedy of discharge of a portion or all of the alleged

indebtedness owed to CHALET. No entity filed a proper claim of a secured creditor as

required by Bankruptcy law to preserve a creditors lien in real property and the remedies

available to a secured creditor.  Quite simply, CHALET misrepresented material facts to

the Court and Plaintiff would rely upon the misrepresentations as true and provide

CHALET with legal interests to property in which it otherwise possessed no interest so

that it could make hundreds of thousands of dollars from the sale of Plaintiff's home to the

detriment of the Plaintiff.  Such conduct proximately caused Plaintiff economic and other

harm for which he herein sues along with exemplary damages deemed appropriate by the

jury.

8. Six days later, on March 7, 2019, USBTNA AS TRUSTEE OF CHALET SERIES III

TRUST executed an ASSIGNMENT OF DEED OF TRUST conveying CHALET'S

interest, liens and rights to USBTNA AS TRUSTEE OF CABANA SERIES III TRUST.

At no time did USBTNA AS TRUSTEE OF CABANA SERIES III TRUST file or receive

a motion to lift the bankruptcy stay or perfect any interest or lien in the property or debt

which are the subject of this suit.

Unofficial Copy

Case 20-04016-mxm Doc 2-5 Filed 03/12/20 Entered 03/12/20 07:57:59 Page 19 of 43
Case 2-42679-mxm7 Doc 285 Filed 03/12/19 Entered 03/12/19 15:35:29 Page 19 of 41

9.  Over the course of the following months, BSI FINANCIAL SERVICES (herein "BSI")

which is actually SERVIS ONE, INC. (herein "SERVIS") engaged in a campaign of

unlawful debt collection practices. Their conduct included their misrepresentations of

their authority to collect a debt, the validity of the alleged debt, the alleged amount of the

debt, violations of Texas Debt Collections Act-Texas Finance Code Chapter 392,

violations of the Federal Debt Collections Practices Act, and the Texas Deceptive Trade

Practices Act. Timely statutory notice of Plaintiffs' claims and the dispute of an alleged

debt have been provided to the Defendants prior to the filing of this pleading.  The

property made the basis in this suit belongs to Plaintiff.

## ELEMENTS FOR INJUCTIVE RELEIF

10. Unless this Honorable Court immediately restrains the Defendants, the Plaintiff will suffer

immediate and irreparable injury, for which there is no adequate remedy at law to give

Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the Court

the following:

     A.  Defendants posted a NOTICE OF FORCLOSURE SALE for the subject
        property to be sold between 1:00 p.m. and 4:00 p.m. CST on December 3, 2019
        in the Taylor County Courthouse.

     B.  The harm to Plaintiff is imminent because if the sale occurs the Plaintiff's
        home cannot be replaced.

     C.  This imminent harm will cause Plaintiff irreparable injury in that the Plaintiff
        and his family will not only be homeless but will also be unable to replace
        their home due to its unique nature.

     D.  There is no adequate remedy at law which will give Plaintiff complete final
        and equal relief because the loss from the sale of Plaintiffs' property cannot
        adequately be compensated by a payment of money damages to cover the
        emotional loss of the home of Plaintiff and his family members which include
        his wife and two teenage sons.

Unofficial Copy

## BOND

11. Plaintiff contends that bond should be dispensed with given the clear entitlement to relief and that a hearing will be conducted before the estate sale. However, Plaintiff is willing to post a reasonable temporary restraining order bond and requests the Court to set such bond.

## REMEDY

12. Plaintiff has met Plaintiff's burden by establishing each element which must be presented before injunctive relief can be granted by this Court; therefore Plaintiff is entitled to the requested temporary restraining order.

13. Defendants request the Court restrain Defendants, substitute trustees for the Defendants, the agents that Defendants have retained, or their officers, agents, servants, employees, successors, assigns, and attorneys from directly or indirectly, conducting a foreclosure and the sale of the real property located at 24 Winged Foot Circle West, Abilene, Taylor County, Texas, more fully described as follows: LOT 7, BLOCK H, THE FAIRWAYS ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS, AS SHOWN BY PLAT RECORDED IN PLAT CABINET 2, SLIDE 294-C, PLAT RECORDS, TAYLOR COUNTY, TEXAS, SAVE AND EXCEPT 239.63 SQUARE FEET OUT OF THE WEST PART, AS RECORDED IN VOLUME 1927, PAGE 922, OFFICIAL PUBLIC RECORDS, TAYLOR COUNTY, TEXAS, until further order of the Court.

14. It is essential that the Court immediately and temporarily restrain Defendants, the substitute trustees for the Defendants, agents they have retained, or their officers, agents, servants, employees, successors, assigns, and attorneys from directly or indirectly,

Unofficial Copy

conducting the sale of the real property located at 24 Winged Foot Circle West, Abilene,

Taylor County, Texas, more fully described as follows: : LOT 7, BLOCK H, THE

FAIRWAYS ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS,

AS SHOWN BY PLAT RECORDED IN PLAT CABINET 2, SLIDE 294-C, PLAT

RECORDS, TAYLOR COUNTY, TEXAS, SAVE AND EXCEPT 239.63 SQUARE

FEET OUT OF THE WEST PART, AS RECORDED IN VOLUME 1927, PAGE 922,

OFFICIAL PUBLIC RECORDS, TAYLOR COUNTY, TEXAS, until further order of the

Court, due to lack of compliance by Defendants with the U.S. Bankruptcy Code,

fraudulent pleadings of the Defendants, fraudulent conduct of the Defendants in

attempting to collect a disputed debt, unlawful attempts to revive a security interest in real

property and violations of the federal and Texas collection practices statutes.

15. In order to preserve the status quo during the pendency of this action, Plaintiff requests

that Defendants, the estate sale agents they retained, or their officers, agents, servants,

employees, successors, assigns, and attorneys from directly or indirectly, conducting the

sale of the real property located at 24 Winged Foot Circle West, Abilene, Taylor County,

Texas, more fully described as follows: : LOT 7, BLOCK H, THE FAIRWAYS

ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS, AS SHOWN

BY PLAT RECORDED IN PLAT CABINET 2, SLIDE 294-C, PLAT RECORDS,

TAYLOR COUNTY, TEXAS, SAVE AND EXCEPT 239.63 SQUARE FEET OUT OF

THE WEST PART, AS RECORDED IN VOLUME 1927, PAGE 922, OFFICIAL

PUBLIC RECORDS, TAYLOR COUNTY, TEXAS, until further order of the Court, until

further order of this Court.

Unofficial Copy

16. On final hearing, that the Court permanently enjoin Defendant, the sale agents they have retained, or their officers, agents, servants, employees, successors, assigns, and attorneys from directly or indirectly, conducting the sale of the personal or real property located at 24 Winged Foot Circle West, Abilene, Taylor County, Texas, more fully described as follows: : LOT 7, BLOCK H, THE FAIRWAYS ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS, AS SHOWN BY PLAT RECORDED IN PLAT CABINET 2, SLIDE 294-C, PLAT RECORDS, TAYLOR COUNTY, TEXAS, SAVE AND EXCEPT 239.63 SQUARE FEET OUT OF THE WEST PART, AS RECORDED IN VOLUME 1927, PAGE 922, OFFICIAL PUBLIC RECORDS, TAYLOR COUNTY, TEXAS.

17. Plaintiff seeks past and future monetary damages for the actual, direct, consequential and statutory damages as alleged by Plaintiff. Additionally, Plaintiff seeks the additional and exemplary damages permitted by statute for the violation of federal, State of Texas and the common law in amounts deemed appropriate by the jury. The amounts of such damages may exceed $1 million depending on the lengths to which these Defendants continue to engage in their unlawful and intentional conduct. Plaintiff seeks the recovery of reasonable, customary and necessary attorney's fees which Plaintiff has incurred in the past and in the future for the protection of his rights under the law.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, respectfully prays that the Court order the relief requested herein along with all costs of Court and other relief available to the Plaintiff.

Unofficial Copy

Respectfully submitted,

/s/Rick Dunbar
FREDERICK DUNBAR
Texas Bar No. 24025336
7242 Buffalo Gap Road
Abilene, Texas 79606
Telephone: 325/428.9450
Facsimile: 325/455.1912
e-mail: rickdunbar2013@gmail.com

Unofficial Copy

CAUSE NO. _____

| | | |
|---|---|---|
| BURT LEE BURNETT | § | _____ DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE OF | § | |
| CABANA SERIES III TRUST AND | § | IN AND FOR |
| AS TRUSTEE OF CHALET SERIES | § | |
| III TRUST; CABANA SERIES III | § | |
| TRUST; CHALET SERIES III TRUST; | § | |
| SERVIS ONE, INC. D/B/A | § | |
| BSI FINANCIAL SERVICES; MTGLQ | § | |
| INVESTORS, L.P.; AND FIRST | § | |
| HOUSTON MORTGAGE, LTD | § | TAYLOR COUNTY, TEXAS |

## VERIFICATION OF BURT LEE BURNETT

Before me, the undersigned authority, on this day personally appeared BURT LEE BURNETT, personally known to me, who upon first being duly sworn, according to law, upon his oath deposed and testified as follows:

My name is Burt Lee Burnett. I am over the age of 18 years, am of sound mind, and am fully competent to testify to the matters testified to herein. I have personal knowledge of the facts stated herein and they are all true and correct.

The facts, conduct by the Defendants, the character of the my property and the irreparable harm the Foreclosure Sale of my property would inflict upon my family and me as set forth in the Original Petition, Request for a Temporary Restraining Order, Application for a Temporary Injunction and Application for a Permanent Injunction are within my personal knowledge and are true and correct.

_____
Burt Lee Burnett

SWORN TO AND SUBSCRIBED BEFORE ME by the said Burt Lee Burnett, on this *Dec. 2nd*

day of December, 2019, to certify which witness my hand and seal of office.

Notary Public in and for the State of Texas

MICHELLE R. REYNA
Notary Public, State of Texas
Comm. Expires 11-19-2021
Notary ID 10883172

Unofficial Copy

12/2/2019 8:54 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Nicole Dement

# Request for Issuance Form

Date: <u>12-2-19</u>                                 Payment:_____

Cause Number: 12016-D

Style of Case: BURT BURNETT VS.
U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CABANA SERIES III TRUST
AND AS TRUSTEE OF CHALET SERIES III TRUST
PLEASE ISSUE:

___x__ Citation (Personal Service)                    Indicate what to serve with Issuance

_____ Citation by Certified Mail                      <u>Original Petition</u>

_____ Citation and Temporary Restraining Order        TRO,

_____ Citation and Notice of Hearing

_____ Notice of Hearing                               Indicate who to serve with Issuance

_____ Notice of Hearing for Protective Order          Terry Browder, Laura Browder,
                                                       Marsha Monroe, Richard E.
                                                       Anderson, Ray Villa, or Cesar
                                                       DeLaGarza as substitute trustees
                                                       of U.S. Bank Trust National
                                                       Association, as Trustee of
                                                       Cabana Series III Trust and as
                                                       Trustee of Chalet Series III Trust

_____ Writ of Habeas Corpus/Attachment

_____ Citation by Posting /Publication (specify)

_____ Notice of Expunction

_____ Abstract of Judgment _____ Execution (circle) 30, 60, 90 days

_____ Other

Send to Issuance to:

_____ Sheriff of Taylor County
_____ Constable of Taylor County
_____ Certified Mail Service
___x___ Return to Attorney
      Name of Attorney: rickdunbar2013@gmail.com
_____ Private Process Server
      Name of Server: _____
_____ Other Please Specify


 /s/Rick Dunbar
_____
Signature of Attorney or Person Requesting Issuance

# THE STATE OF TEXAS
## Case No. 12016-D

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

**TO: U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust
Substituted trustees: Terry Browder, Laura Browder, Marsha Monroe, Richard E. Anderson, Ray Villa, or Cesar DeLaGarza
4920 Westport Drive
The Colony, TX 75056**

**Defendant, GREETINGS:**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Verified Original Petition, Request for a Temporary Restraining Order, Application for a Temporary Injunction and Application for a Permanent Injunction at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 350th District Court of Taylor County, Texas, at the Courthouse of said County in Abilene, Texas.

Said Plaintiff's Petition was filed in said Court, by Frederick Dunbar, 7242 Buffalo Gap Rd Abilene TX 79606 on December 02, 2019 in this case, numbered **12016-D** on the docket of said court, and styled,

**BURT LEE BURNETT VS. U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CABANA SERIES III TRUST AND AS TRUSTEE OF CHALET SERIES III TRUST: CABANA SERIESIII TRUST, CHALET SERIES III TRUST; SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES' MTGLQ INVESTORS, L.P.; AND FIRST HOUSTON MORTGAGE, LTD**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Verified Original Petition, Request for a Temporary Restraining Order, Application for a Temporary Injunction and Application for a Permanent Injunction accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said Court at Abilene, Texas, on this the 3rd day of December, 2019.

Attached Per Request of Attorney:

Clerk's Name and Address:
Tammy Robinson, District Clerk
Taylor County Courthouse
Suite 400
Abilene, Texas 79602

By: _Nicole DeMent_, Deputy
Nicole DeMent

**RETURN OF SERVICE**

12016-D        350th District Court

Burt Lee Burnett VS. U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust: Cabana Series III Trust, Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services' MTGLQ Investors, L.P.; and First Houston Mortgage, LTD

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**

## U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust

**Substituted Trustees: Terry Browder, Laura Browder, Marsha Monroe, Richard E. Anderson, Ray Villa, or Cesar DeLaGarza**

**4920 Westport Drive**

**The Colony, TX 75056**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Verified Original Petition, Request for a Temporary Restraining Order, Application for a Temporary Injunction and Application for a Permanent Injunction at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____
_____

and the cause or failure to execute this process is: _____
_____

and the information received as to the whereabouts of said defendant(s) being: _____
_____

**FEES:**

Serving Petition and Copy $_____
Total                                    $_____

_____, Officer

_____ County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

# TEMPORARY RESTRAINING ORDER AND CITATION
## THE STATE OF TEXAS
### 12016-D

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

To: U.S. Bank Trust National Association as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust: Cabana Series III Trust, Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services' MTCLQ Investors, L.P.; and First Houston Mortgage, LTD
Substituted Trustees: Terry Browder, Laura Browder, Marsha Monroe, Richard E. Anderson, Ray Villa, or Cesar DeLaGarza
4920 Westport Drive
The Colony, TX 75056

WHEREAS, Burt Burnett filed their Original Petition in the 350th District Court of Taylor County, Texas on 12/02/2019 in Cause No. 12016-D on the docket of said Court, Styled: Burt Lee Burnett VS. U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust: Cabana SeriesIII Trust, Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services' MTGLQ Investors, L.P.; and First Houston Mortgage, LTD as shown by true copy of said petition attached;

AND WHEREAS, the Honorable 350th District Court, Judge of said Court, upon presentation of said Petition to him/her, entered his Order and Fiat, as shown by a true copy of said Order and Fiat attached;

**YOU ARE THEREFORE COMMANDED** that you cease and desist from doing each and all of the acts said Order and Fiat restrains you from doing, **AND YOU ARE FURTHER COMMANDED TO OBEY EACH AND ALL THE TERMS OF SAID ORDER AND FIAT**, until pending hearing on such application for temporary injunction to be held before the Judge of said Court, on 12/13/2019 at 1:30 p.m. in the 350th District Court Courtroom of the Courthouse of Taylor County, at Abilene, Texas, when and where you will appear and show cause, if any you have, why injunction should not be issued as prayed for in said Petition, and why the other relief prayed for therein should not be granted.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

YOU ARE FURTHER COMMANDED to appear by filing a written answer to said Petition filed herein, at or before ten o'clock A. M. of the Monday next after the expiration of twenty (20) days after service of this Citation, before the 350th District Court of Taylor County, Texas at the Courthouse of said county in Abilene, Texas.

Said Petition was filed on 12/02/2019 in said cause numbered and styled as above, and the nature of said demand is shown by a true copy of said Petition attached and made a part of this Citation.

The officer executing this Temporary Restraining Order and citation shall promptly serve the same according to the requirements of law and mandates thereof, and make due return as the law directs.
**ISSUED AND GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT,** at Abilene, Texas on December 03, 2019.

Issued at the request of:

TAMMY ROBINSON, DISTRICT CLERK
TAYLOR COUNTY COURTHOUSE
SUITE 400
ABILENE, TEXAS 79602
By: _Nicole DeMent_
          Nicole DeMent, Deputy

**RETURN OF SERVICE**

12016-D        350th District Court
Burt Lee Burnett VS. U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust: Cabana SeriesIII Trust, Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services' MTGLQ Investors, L.P.; and First Houston Mortgage, LTD
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
**U.S. Bank Trust National Association as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust: Cabana Series III Trust, Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services' MTCLQ Investors, L.P.; and First Houston Mortgage, LTD**
**Substituted Trustees: Terry Browder, Laura Browder, Marsha Monroe, Richard E. Anderson, Ray Villa, or Cesar DeLaGarza**
**4920 Westport Drive**
**The Colony, TX 75056**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and execute in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Verified Original Petition, Request for a Temporary Restraining Order, Application for a Temporary Injunction and Application for a Permanent Injunction at the following times and places, to-wit:
**Name                  Date/Time              Place, Course and Distance from Courthouse**
_____    _____    _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total                          $_____

_____, Officer
_____ County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Tammy Robinson
District Clerk
Taylor County, Texas
Nicole Dement

CAUSE NO. 12016 D

| | | |
|---|---|---|
| BURT LEE BURNETT | * | IN THE 350th |
| VS. | * | DISTRICT COURT OF |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CABANA SERIES III TRUST AND AS TRUSTEE OF CHALET SERIES III TRUST; CABANA SERIES III TRUST, CHALET SERIES III TRUST; SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, MTGLQ INVESTORS, L.P.; AND FIRST HOUSTON MORTGAGE, LTD | * | TAYLOR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On December 3, 2019, the Plaintiff's Application for a Temporary Restraining Order and Affidavit of Burt Lee Burnett in support of his Application for a Temporary Restraining Order were reviewed and considered by this Court.

Based upon the pleadings and evidence on file in this cause, this Court finds the following facts have been established which are legally sufficient for this Court to enter this Temporary Restraining Order:

A. Unless Defendants Servis One, Inc. d/b/a BSI Financial Services, United States Bank Trust National Association As Trustee of Cabana Series III Trust, and their substitute trustees Terry Browder, Laura Browder, Marsha Monroe, Richard E. Anderson, Ray Vela, Cesar DeLaGarza or their officers, agents, servants, employees, successors, assigns, and attorneys are immediately restrained from directly or indirectly conducting the Foreclosure Sale which was posted in the Taylor County, Texas courthouse for the December 3, 2019 sale of the real property located at 24 Winged Foot Circle West, Abilene, Taylor County, Texas, more fully described as follows:

LOT 7, BLOCK H, THE FAIRWAYS ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS, AS SHOWN BY PLAT RECORDED IN PLAT CABINET 2, SLIDE 294-C, PLAT RECORDS, TAYLOR COUNTY, TEXAS, SAVE AND EXCEPT 239.63 SQUARE FEET OUT OF THE WEST PART, AS RECORDED IN VOLUME 1927, PAGE 922, OFFICIAL PUBLIC RECORDS, TAYLOR COUNTY, TEXAS.

Plaintiff will suffer irreparable harm and property loss before notice and hearing can be had on Plaintiff's Application for a Temporary Injunction.

Unofficial Copy

B. Plaintiff will suffer irreparable harm if the real property described above is sold at the Foreclosure Sale which is noticed to occur on December 3, 2019 in Taylor County, Texas. There is no adequate remedy at law which would afford Plaintiff complete, final or equal relief if his real property described above that serves as his family's homestead is sold at the Foreclosure Sale on December 3, 2019.

C. Without commenting on the merits of Plaintiffs' causes of action, this Court finds that Plaintiff has alleged recognized causes of actions in his pleadings against the Defendants and has presented this Court evidence in his affidavit which, if established, indicates that a dispute between the parties exists concerning the true ownership of the property described above, the lawfulness of the Defendants' conduct related to the assignments of deeds of trusts and notes and the legal effect of such assignments among the Defendants. The Defendants' Notice of Foreclosure Sale and intent to sell the property is based upon the validity of the assignments and indebtedness as alleged in the Notice by Defendants. A temporary restraining order will maintain the status quo of the real property and the parties' legal interests in the property described above until a determination can be made as to the respective rights of the parties at a hearing on Plaintiff's Application for a Temporary Injunction.

D. This Court further Orders that the Plaintiff's Application for a Temporary Injunction will be heard in the __350__ District Court of Taylor County, Texas on the __13__ day of December, 2019 at __1:30__ __P__.m. on the , Fourth Floor of the Taylor County Courthouse, Abilene, Texas. Defendants are commanded to appear at that time and show cause, if any exists, why a temporary injunction should not be issued against said Defendants, Terry Browder, Laura Browder, Marsha Monroe, Richard E. Anderson, Ray Vela, Cesar DeLaGarza, Substitute Trustees or their officers, agents, servants, employees, successors, assigns, and attorneys.

The Clerk of the above-entitled Court shall issue a temporary restraining order in conformity with the law and the terms of this order upon the filing by the Defendants of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $__10,000__ in conformity with the law.

SIGNED AND ENTERED on the __3rd__ day of __Dec__, 2019 at __10:30 A__.m.

PRESIDING JUDGE  Judge Mike Freeman
Sitting by Assignment
350th District Court

Unofficial Copy

## Certificate of Clerk as To Cash in Lieu of Temporary Restraining Order Bond

### 12016-D

Burt Lee Burnett VS. U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust and as Trustee of Chalet Series III Trust: Cabana SeriesIII Trust, Chalet Series III Trust; Servis One, Inc. d/b/a BSI Financial Services' MTGLQ Investors, L.P.; and First Houston Mortgage, LTD

     I, Tammy Robinson, District Clerk of the 350th District Court of Taylor County, Texas, hereby certify the Burt Burnett, in compliance with Rule 684, Texas Rules of Civil Procedure, has deposited with me cash in the amount of $10,000 said sum fixed by the judge of the 350th District Court, a condition that the applicant will abide the decision which may be made in this cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order/temporary injunction shall be dissolved in whole or in part.

**Witness My Hand and Seal of Office** this day of December 03, 2019.

Tammy Robinson, District Clerk
Taylor County Courthouse
Suite 400
Abilene, Texas, 79602

By _____
    Ashlee Stewart, Deputy

CAUSE NO. 12,016-D

| | | |
|---|---|---|
| BURT LEE BURNETT | § | 350th DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE OF | § | |
| CABANA SERIES III TRUST AND | § | |
| AS TRUSTEE OF CHALET SERIES | § | IN AND FOR |
| III TRUST; CABANA SERIES III | § | |
| TRUST; CHALET SERIES III TRUST; | § | |
| SERVIS ONE, INC. D/B/A | § | |
| BSI FINANCIAL SERVICES; MTGLQ | § | |
| INVESTORS, L.P.; AND FIRST | § | |
| HOUSTON MORTGAGE, LTD | § | |
| | § | TAYLOR COUNTY, TEXAS |

**BURT LEE BURNETT'S OBJECTION TO ASSIGNED VISITING JUDGE
MIKE FREEMAN PURSUANT TO TEX. GOVT. CODE SEC. 74.053**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES BURT LEE BURNETT, Plaintiff herein, and files this his OBJECTION TO ASSIGNED VISITING JUDGE MIKE FREEMAN PURSUANT TO TEX. GOVT. CODE SEC. 74.053. Plaintiff filed this lawsuit on December 2, 2019 seeking a temporary restraining order, a temporary injunction and a permanent injunction which prohibits the defendants from foreclosing on his homestead and selling his homestead at a foreclosure sale. Without a hearing, Judge Freeman entered a Temporary Restraining Order wherein he restrained the Defendants from selling Plaintiff's homestead at the December 3, 2019 foreclosure sale as posted by Defendants. In the TRO, Judge Freeman set a hearing on Plaintiff's Application for a Temporary Injunction for December 13, 2019. Plaintiff hereby timely exercises his right to object to the assignment of Judge Mike Freeman in this cause. This objection is filed within seven (7) days of Plaintiff's actual notice of the assignment of Judge Freeman which Plaintiff received on December 3, 2019. Further, this objection is made before the first hearing or trial in this cause.

Therefore, Plaintiff's Sec. 74.053 objection is timely pursuant to the provisions of Sec. 74.053(c). In this case, Plaintiff seeks monetary damages from the Defendants commission of acts which constitute fraud, violations of the Texas Deceptive Trade Practices Act, the Federal Fair Debt Collection Practices Act and the Texas Debt Collection Act. The defendants attempted to create a security interest and lien for themselves against Plaintiff's homestead to the Plaintiff's detriment by intentionally violating U.S. Bankruptcy laws and misrepresenting material facts to the U.S. Bankruptcy Court, the U.S. Bankruptcy Trustee, Plaintiff (the bankrupt) and Plaintiffs' creditors. Specifically, Defendants intentionally and deliberately mischaracterized the Defendants' alleged interest in the Plaintiffs' homestead and the date the Defendants acquired the alleged interest. Defendants intentionally and deliberately disregarded 11 U.S.C. Sec. 362(a) which expressly prohibits any act or action to create, perfect or enforce any lien against property of the debtor (Burt Lee Burnett). Simply put, the Defendants failed to possess a security interest in Plaintiff's homestead at the time Plaintiff filed his Rule 11 Bankruptcy Petition on June 30, 2017. Three weeks later, on July 21, 2017, Defendants attempted to circumvent 11 U.S.C. Sec. 362(a) by attempting to create a security interest in Plaintiff's homestead by the execution of an assignment of deed of trust from First Houston Mortgage to Ditech on July 21, 2017. The purported assignment occurred three weeks AFTER Plaintiff filed his bankruptcy petition which initiated the automatic bankruptcy stay prohibiting such assignments of interests and attempts to create a security interest in or lien against the bankruptcy debtor's assets . The statutory remedy and sanction under bankruptcy law is the attempted assignment is void as a matter of law. Assuming that any Defendant possesses an alleged interest in a debt owed by Plaintiff, Defendants are unsecured creditors attempting to foreclose and sell Plaintiff's homestead which is an exempt asset under the Texas Property Code and is protected from foreclosure and sale by unsecured creditors.the claims unsecured creditors. Therefore, no Defendant may foreclose and sell Plaintiff's exempt homestead.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, respectfully prays that the Court

order the relief requested herein along with all costs of Court and other relief available to the

Plaintiff.

Respectfully submitted,

/s/Rick Dunbar
FREDERICKDUNBAR
Texas Bar No.
24025336 7242 Buffalo
Gap Road Abilene,
Texas 79606 Telephone:
325/428.9450 Facsimile:
325/455.1912
e-mail: rickdunbar2013@gmail.com

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing instrument has been
forwarded to all attorneys of record on this the 10th day of December, 2019.

/s/ Rick Dunbar
**RICK DUNBAR**

Case 20-04016-mxm Doc 1 Filed 03/12/20 Entered 03/12/20 17:17:59 Page 38 of 43
Case 1:42679-mxm7 Doc 265 Filed 12/11/19 Entered 12/11/19 15:33:29 Page 80 of 141
Filed 12/11/2019 2:15 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Nicole Dement

CAUSE NO. 12016-D

| BURT LEE BURNETT | § | IN THE 350TH DISTRICT COURT |
|---|---|---|
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE OF CABANA | § | IN AND FOR |
| SERIES III TRUST AND AS TRUSTEE | § | |
| OF CHALET SERIES III TRUST; CABANA | § | |
| SERIES III TRUST; CHALET SERIES III | § | |
| TRUST; SERVIS ONE, INC., D/B/A BSI | § | |
| FINANCIAL SERVICES; MTGLQ | § | |
| INVESTORS, L.P.; AND FIRST HOUSTON | § | |
| MORTGAGE, LTD. | § | |
| **Defendants,** | § | TAYLOR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

Come now Defendants U.S. BANK AND TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CABANA SERIES III TRUST, CABANA SERIES III TRUST; U.S. BANK AND TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CHALET SERIES III TRUST, CHALET SERIES III TRUST; SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, INC ("Defendants") and file their Original Answer.

## GENERAL DENIAL

Defendants generally deny every allegation contained in Plaintiff's Live Petition and demand strict proof by a preponderance of the credible evidence.

## DEFENSES

Without assuming the burden of proof, Defendants assert the following defenses:

Plaintiff's Live Petition fails to state a claim upon which relief can be granted.

Plaintiff's claims are barred because Plaintiff has not been damaged by the conduct or alleged conduct of Defendants.

Defendants deny responsibility or liability for any alleged damages sustained by Plaintiff. However, if Plaintiff sustained any damages, then such damages should be reduced by the amount that Plaintiff could reasonably have mitigated such damages and/or Plaintiff's failure to mitigate damages.

Plaintiff's claims are barred by reason of Defendants' compliance with applicable loan documents, contracts, mortgage, agreements, statutes, and other provisions of law.

Defendants acted in good faith at all times, and Defendants did not knowingly, intentionally, or maliciously violate any laws.

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of actual damages.

Plaintiff's claims are barred in whole or in part by the statute of frauds, parol evidence rule, and merger doctrine.

Plaintiff's claims are barred by unclean hands, laches, waiver, estoppel (in all its forms, including, but not limited to equitable estoppel and/or estoppel by contract, Res Judicata), and other applicable concepts of law.

Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, release and/or ratification.

Plaintiff's claims are barred in whole or in part by the doctrine of offset.

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

Plaintiff's claims are barred in whole or in part by the doctrine of bona fide error.

Any claim for punitive or exemplary damages is subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 19 of the Texas Constitution.

Plaintiff has failed to state a claim for recovery of attorneys' fees and costs and has stated no basis for the recovery of attorney's fees.

Defendants plead such other affirmative defenses which cannot be anticipated at this time, but which may become apparent and applicable during the pendency of this lawsuit, by reason of future discovery and by reason of allegations and answers of other parties. Defendants specifically reserve the right to amend or supplement these affirmative defenses at any time.

For further answer, if any is necessary, Defendants allege that Plaintiff is estopped from asserting the claims made the basis of Plaintiff's live petition pursuant to the doctrines/defenses of equitable estoppel, estoppel by contract, release, res-judicata, ratification, failure to mitigate, statute of frauds, lack of standing and waiver.

## SPECIAL EXCEPTIONS

Defendants submit the following exceptions to Plaintiff's Live Petition in the instant case:

1.      Plaintiff's allegations are so general that Defendants do not have fair notice of the claims being made; and

2.      Plaintiff has failed to state any claim upon which relief can be granted; and

3.      Plaintiff has plead no viable claim for damages and has stated no claim upon which he could recover damages; and

4.      Alleged contract was breached causing Plaintiff damages; and

5.      To the extent Plaintiff asserts claims under the Texas DTPA or related statutes, Plaintif is not a consumer under the Texas DTPA and this cause should be abated because Plaintiff failed to send Defendants a DTPA demand letter as required by the statute prior to filing the instant suit; and

6.      Plaintiff's pleadings do not state the facts and elements necessary to support a cause of action.

## REQUEST FOR INCREASE OF BOND

In the unlikely event the court extends any injunction prohibiting a non-judicial foreclosure sale of the property and/or any eviction, Defendants move that the court reset the bond amount in this case to a reasonable amount because the amount set is too low.

## REQUESTS FOR MONTHLY PAYMENTS

Defendants further move that the court require the Plaintiff to make reasonable monthly payments into the registry of the court and that such payment obligation is continued until such time as this case is concluded.

## REQUESTS FOR DISCLOSURE

Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, serves this Request for Disclosure upon Plaintiff, requesting that Plaintiff disclose, within thirty (30) days of service of this Request, the information or material described in Rule 194.2 (a) - (l) of the Texas Rules of Civil Procedure.

## PRAYER

Defendants pray the Court, after notice and hearing or trial, enter judgment in favor of Defendants, including, but not limited to the costs of court, attorney's fees, Defendants further pray that Plaintiff in this suit takes nothing by way of his claims and that all of the Plaintiff's claims are dismissed with prejudice.   Defendants further pray that Plaintiff's requests for injunctive relief are all denied; Defendants further pray for such other and further relief as Defendants may be entitled to in law or in equity.

---

Respectfully submitted,

ANDERSON VELA, L.L.P.
4920 Westport Drive
The Colony, Texas 75056
214.276.1545 – Telephone
214. 276.1546 – Facsimile
RVela@AndersonVela.com – E-mail

ATTORNEYS FOR DEFENDANTS
U.S. BANK AND TRUST NATIONAL ASSOCIATION, AS TRUSTEE
OF CABANA SERIES III TRUST (CABANA SERIES III TRUST);
U.S. BANK AND TRUST NATIONAL ASSOCIATION, AS TRUSTEE
OF CHALET SERIES III TRUST (CHALET SERIES III TRUST);
SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, INC

By: */s/ Richard E. Andersona* _____.
     RICHARD E. ANDERSON
     Texas State Bar No. 01209010
     randerson@abvlaw.com  – e-mail
     RAY L. VELA
     State Bar No. 00795075
     RVela@AndersonVela.com – e-mail

## CERTIFICATE OF SERVICE

I certify that on this the 11th day of December 2019, a true copy of the above document

has been delivered in person to the following pursuant to the Texas Rules of Civil Procedure for

each party listed below.

FREDERICK DUNBAR, ESQ.      VIA ELECTRONIC SERVICE E-FILE:
7242 BUFFALO GAP ROAD      Jrickdunbar2013@gmail.com
ABILENE, TEXAS 79606
**ATTORNEY FOR PLAINTIFF BURT
LEE BURNETT**

*/s/ Richard E. Anderson*
Richard E. Anderson